### CITY OF MIAMI v. BROOKFIELD.

Circuit Court, Dade County, Criminal Appeal.

January 9, 1957.

Roy Lee Jones, Miami, for appellant.

Thomas G. O'Connell, Assistant City Attorney, for appellee.

CHARLES A. CARROLL, Circuit Judge.

Appellant was convicted on a charge of operating an automobile under the influence of liquor on Christmas Eve, 1955, in the municipal court of Miami. Counsel for appellant contends that the charge was not proved, and that the evidence is not sufficient to support the conviction.

The penalty only amounted to a fine of $50. But the case is important because conviction on such a charge causes a driver to lose his driver's license for a period of a year. Appellant has continued to hold his license by posting supersedeas bond.

This court heard the arguments of counsel and has examined the record, including a transcript of the testimony before the municipal court.

The evidence as to intoxication was in conflict. His condition, after arrest, was not shown to be such that he was not in control of his faculties when the accident occurred. A drunkometer test with a rather high rating is unreliable in face of the positive, corroborated and uncontradicted evidence that the man had only had two highballs, between about 5 and 6 P.M., then closed his office, walked with a companion a considerable distance to where his car was parked down town, then drove to Nuta's Boat Yard, on the Miami River beyond 27th Avenue, all the while displaying no sign of intoxication. Moreover, the evidence was that the accident (hitting a center island and pole) was the proximate result of another driver bearing over on the defendant's car.

After these conflicts were disclosed in the evidence, (and they were conflicting facts, not merely questions of credibility), there was a failure on the part of the city to establish guilt on the charge, beyond a reasonable doubt.

In fact, certain action of the court shows he had doubts, because the judge then recalled the officer and repeatedly asked and extracted from the officer assurance that he (the officer, who did not see the driving or the accident) had concluded that the man was under the influence of liquor, and that he, the officer, did not have any question in his mind about it (tr. 33-34). And the court placed his reliance on that conclusion by the officer and on the result of the drunkometer test. As stated above, if, on the evidence, the charge was not proved, or not proved beyond and to the exclusion of every reasonable doubt, the repetition by the officer of his opinion of the matter would not supply the lack of evidence. Nor could those doubts be eliminated by a drunkometer reading where the uncontroverted, corroborated evidence showed the man

did not have the drinks needed to fit the meter report—thus showing the drunkometer to be inaccurate, or at the most casting grave doubt as to any accuracy or reliability of the meter test on that particular occasion.

For the reasons and grounds set out above in this opinion, the judgment of conviction is hereby reversed and the defendant discharged, and entitled to his costs as provided for by law.